## HAMILTON *v.* ELKINS ET AL.

PRACTICE.—*Supreme Court.*—Where the finding of the court below is justified by the evidence, it will not be disturbed.

From the Johnson Circuit Court.

*S. P. Oyler,* for appellant.

*G. M. Overstreet* and *A. B. Hunter,* for appellees.

WORDEN, J.—Elkins sued Young and Hamilton, alleging in his complaint, in substance, that he had purchased from Young a certain tract of land described, for eight hundred dollars, and had taken from Young a title bond for the conveyance thereof upon the payment of the purchase-money; that the purchase-money had been paid by him to Young, and that the plaintiff was entitled to a conveyance of the land, but that Hamilton had possession of the land, and held the same under a false claim of being the owner thereof. Prayer for specific performance and other relief.

Young answered, admitting the execution of the bond and the payment of the purchase-money, and averring a willingness to execute a conveyance to either Elkins or Hamilton, as might be adjudged by the court, upon the determination of their respective conflicting claims to the land.

Hamilton answered by general denial, and specially, that he had purchased the bond of Elkins, who had assigned the same to him in writing, setting out the bond and the written assignment of Elkins thereon to said Hamilton. He also filed a cross complaint against Elkins and Young, alleging that he had purchased the land from Elkins, who had assigned him the bond, and prayed for specific performance against Young. The assignment of the bond by Elkins to Hamilton was put in issue by pleadings duly verified.

The cause was submitted to the court for trial, and the court, at the request of the plaintiff, made the following special finding, viz.:

" That on the —— day of ——, 18—, David Elkins

verbally contracted to sell all his lands situated in Morgan and
Johnson counties, in the State of Indiana, to John Hamilton;
that at the time of making such verbal contract, David
Elkins was the owner of forty acres" (here describing the
land in controversy) " in Johnson county, Indiana, and held
a title bond from Joseph Young for the conveyance thereof,
and that said Young had been fully paid the purchase-money
due him, and that Elkins was entitled to a conveyance; that
at the time of reducing the contract between Elkins and Ham-
ilton to writing, it was further verbally agreed between them
that said Elkins would, at a future day, assign the title bond
held by him from Young to said Hamilton, and that Hamil-
ton would, as a consideration therefor, execute his promissory
note to Elkins for one thousand dollars; that Elkins subse-
quently gave the title bond to Hamilton, with instructions to
leave it in the possession of one John W. Wilson; that Ham-
ilton procured an assignment in terms to be made to him, but
that said assignment was unauthorized by Elkins, and was not
made by him; that Hamilton has paid no part of the consid-
eration therefor, nor has he executed his promissory note to
Elkins as an evidence of the debt; that Elkins, prior to the
commencement of this action, made demand of Hamilton for
the possession of the bond. From all of which findings of fact,
I conclude that the title bond was the property of David
Elkins, and that he was entitled to the possession thereof;
that Joseph Young's obligation to convey is perfect, and that
David Elkins is entitled to the conveyance."

As we understand the record, Hamilton excepted to the con-
clusions of law drawn by the court from the facts found; but we
do not understand the brief of counsel for appellant as question-
ing the correctness of the legal conclusions. Indeed, it is
quite clear that if the facts were correctly found by the court,
Hamilton cannot, with any legal propriety, complain of the
conclusions of law thereon.

Hamilton moved for a new trial, filing reasons therefor, all
of which are embraced by that claiming that the finding was
not sustained by the evidence.

The motion was overruled, and an exception taken, and judgment was rendered for Elkins on the finding.

Upon an examination of the evidence, we cannot say that the finding was not sustained by it. In some respects it was conflicting, but there was evidence given that clearly justified the finding. There was no dispute that the bond had been executed by Young to Elkins, and that the latter had paid Young for the land. It appears clear enough that Elkins had made a verbal agreement to sell to Hamilton certain lands, including that in controversy. Elkins says that the price agreed upon for the whole was eight thousand dollars, that in controversy being estimated at one thousand dollars. But Hamilton says that the price of the whole, as agreed upon, was but seven thousand dollars. Elkins and Hamilton met at John W. Wilson's for the purpose of executing the necessary deed and notes. It is to be inferred that Elkins there executed a deed to Hamilton for the other land, not including the Young land. Hamilton there paid money and executed notes to Elkins to the amount of seven thousand dollars. This, as we have seen, he claims was the entire purchase-money for the whole of the land. Elkins did not have the Young bond there, and he was to afterward deliver it to Hamilton, and he testifies that Hamilton was to execute to him his note for one thousand dollars therefor, while Hamilton denies that he was to execute the one-thousand-dollar note, but testifies that the money and notes, making up the seven thousand dollars, were all that was to be paid for the whole land. A few days after the meeting at Wilson's, Elkins handed the bond to Hamilton, asking him, as he says, to leave it at Wilson's, together with the note that he claims was to be executed, saying that when he, Elkins, went to Wilson's he would sign what he had to, meaning, we suppose, the assignment of the bond. This, Elkins says, Hamilton agreed to do. Hamilton, however, denies that he was to execute any note, but says that when Elkins handed him the bond he told him to take it to Wilson's and get it assigned over. This he did, and Wilson made the assignment, attaching Elkins' name thereto. Elkins denied

that he had ever authorized Wilson to make the assignment, and that he told Hamilton to take the bond to Wilson's and have it assigned over. He says that the seven thousand dollars was for the land conveyed. It should be remarked that Wilson was dead when the cause was tried.

The main controversy between the parties narrows itself down to one proposition. Hamilton claims that the seven thousand dollars paid for the whole land, and that he was to have the bond for the Young land as well as the other land for the money paid and notes already executed; while Elkins claims that eight thousand dollars was the price agreed upon for the whole land; that the seven thousand dollars paid for that only which was deeded, and that upon transferring the bond to Hamilton, the latter was to execute to him the one-thousand-dollar note.

In view of the conflict of the evidence upon this point, whatever may be the ultimate truth of the matter, we cannot disturb the finding of the court below.

The judgment below is affirmed, with costs.